CHAUNCEY E. BEADLE, APPELLEE, V. SAMUEL S. SANDERS
ET AL., APPELLANTS.

FILED APRIL 17, 1920.    No. 21419.

1. **Taxation:** VALUATION. Section 1, art. IX of the Constitution, gives the legislature power to fix the basis of valuation of property for purposes of taxation.

2. ———: ASSESSMENT. It has been the practice of this state to assess property at a fraction of its actual value.

3. ———: LEVY. Under chapter 26, Laws 1919, county boards have no authority to levy a tax in excess of 15 mills of the dollar assessed valuation.

4. "Statutes *in pari materia* must be construed together." *State v. Clarke*, 98 Neb. 566.

5. **Taxation:** DISTRIBUTION OF LEVY. County commissioners have exclusive jurisdiction to distribute levy made to the various county funds.

6. ———: ———. County boards will not be required to make inadequate provision for necessary county agencies in order to create a special bridge fund to meet obligations imposed by the legislature when that body validated certain bridge contracts and made them obligations of the county.

APPEAL from the district court for Saunders county: EDWARD E. GOOD, JUDGE. *Affirmed in part, and reversed in part.*

*Strode & Beghtol* and *J. H. Barry*, for appellants.

*B. F. Good* and *Paul F. Good*, contra.

ALDRICH, J.

This is an action in equity to enjoin the county authorities of Saunders county from collecting a tax authorized by chapter 26, Laws 1919, which is an amendment to section 2971, Rev. St. 1913.

The county commissioners levied a tax of 15 mills for county purposes, and in addition made another levy of 5 mills for a special bridge fund as provided by chap-

ter 26, Laws 1919, making an aggregate of 20 mills. No part of this levy was authorized by vote of the people of the county. The trial court granted an injunction enjoining the collection of the 5 mills excess, held the statute valid, and directed that the excess of the levy should be deducted in proportionate amounts from each of the specific funds provided for in the levy of 20 mills. Defendants appealed, and plaintiff filed cross-appeal.

The appeal raises the question whether this additional levy of 5 mills is illegal and void because it contravenes section 5, art. IX of the Constitution. The issue raised by the cross-appeal is whether the trial judge erred in ordering a proportionate deduction from the levy for county purposes.

Appellants claim that section 5, art. IX of the Constitution provides and means that taxes can be levied in the amount of $1.50 per $100 valuation; that is, actual valuation, and not one-fifth of the actual value. This theory does not have the support of the statute and is contrary to our scheme of taxation.

This state assesses property at a fraction of its actual value. The legislature directs the basis and manner of ascertaining the value of property for taxation purposes. *Western Union Telegraph Co. v. City of Omaha,* 73 Neb. 527.

Section 5, art. IX of the Constitution is as follows: "County authorities shall never assess taxes the aggregate of which shall exceed one and a half dollars per one hundred dollars valuation, except for the payment of indebtedness existing at the adoption of this Constitution, unless authorized by a vote of the people of the county."

Section 1, art. IX of the Constitution, provides: "The legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property and franchises, the value

to be ascertained in such manner as the legislature shall direct," etc.

"Valuation" as used in section 5, art. IX of the Constitution means the basis of valuation fixed by the legislature acting under authority of section 1, art. IX of the Constitution. Section 6300, Rev. St. 1913, makes the taxable value one-fifth of the actual or market value. Chapter 26, Laws 1919, makes no provision for valuation; hence we must look to section 6300, Rev. St. 1913, to ascertain the basis of valuation.

In subdivision 2, sec. 1, ch. 67, Laws 1919, approved on the same day as the statute in question, the legislature in prescribing laws governing county boards provided as follows: "In no case shall the levy of taxes made by the county board for all purposes, including the taxes levied herein provided for the erection of a courthouse or jail, exceed in any one year the sum of fifteen mills of the dollar of the assessed valuation of said county." Section 1, ch. 109, Laws 1915, provides as follows: "The rate of tax for county purposes shall not exceed one dollar and fifty cents on the hundred dollars valuation, unless authorized by a vote of the people," etc. These statutes are all *in pari materia* with chapter 26, Laws 1919, and must be construed together and "treated as having formed in the minds of the enacting body part of a connected whole, though considered at different dates." *Rohrer v. Hastings Brewing Co.*, 83 Neb. 111. *State v. Clarke*, 98 Neb. 566. Construing these statutes together to ascertain the intention of the legislature, it is apparent that, in enacting chapter 26, Laws 1919, there was no intention to give county boards authority to levy more than 15 mills on the dollar of the assessed valuation. Such a construction contended for by appellants would be inconsistent with chapter 67, *supra*. When the county commissioners attempted to levy 20 mills they exceeded statutory authority, because chapter 26, Laws 1919, will not bear such a construction.

Therefore it is apparent that we cannot adopt appellants' theory. The trial judge properly upheld the validity of the statute and properly held the levy in excess of 15 mills was illegal and void.

In his cross-appeal appellee claims that the injunction should be modified as to the prorating of the 5 mills excess among the various funds for which the levy was made; also that the injunction should specifically enjoin the 5-mill levy for the special bridge fund, because this 5 mills was intended by the commissioners to be the excessive portion of the levy.

The trial court held that the excess levy of 5 mills under the statute should be prorated and deducted in proportionate amounts from each of the special funds provided for in the levy of 15 mills for county purposes. This finding is contrary to the rule laid down in *Young v. Lane,* 43 Neb. 812. This levy by the county commissioners under chapter 26, Laws 1919, of 5 mills in excess of 15 mills is at variance with the express provisions of section 6300, Rev. St. 1913. The trial court erroneously assumed the authority of law to regulate the discretion of the county board in the application of taxes to various county funds. *Young v. Lane, supra.*

If a court were allowed to control the distribution of funds levied under and by virtue of a statute, it would be giving it control of the discretion of the board, which as a matter of law cannot be done. It would permit the trial judge to invade the province of county government and assume duties over which the county commissioners have exclusive jurisdiction. This court has spoken on the identical subject. *Whedon v. Lancaster County,* 76 Neb. 761.

Chapter 26, Laws 1919, among other things, provides: "If any county has before January first, 1919, entered into any contract for bridge construction or repair in excess of the amount herein permitted to be expended, and the county has received the benefits accruing by virtue of said contracts and the work has been done in

accordance with such contract prior to January 1, 1919, said contracts are hereby validated and made the obligations of the county, and the county board may levy a special tax not to exceed five mills in any one year until sufficient moneys are raised to pay said indebtedness.''

The words ''may levy'' as used in the statute mean ''must levy,'' thereby making the statute mandatory to a certain extent. The contracts are validated and made the obligations of the county and must be paid, that is, must be paid if possible to do so within constitutional limits. The county board will not be required to make a levy in excess of 15 mills of the dollar assessed valuation, but will be required to make such levy as it can. The board need not levy the full 5 mills, but must levy as much as is necessary to meet the indebtedness, staying within constitutional and statutory limits as herein defined, and at the same time must not stint any governmental function. Provision must be made for various county funds which are essential to maintenance of county government and agencies. This leaves the matter largely in the discretion of the county board, but the courts should not allow such a provision for a special tax to be wholly disregarded.

In the instant case, the trial judge had no jurisdiction to direct that the board make the 5-mill levy, because it appears from the record that the full 15 mills was necessary for general county purposes and was levied. With respect to Saunders county, the statute in question involved an increase of indebtedness in excess of constitutional and statutory limitation without a vote of the people. Then this special bridge fund in Saunders county must remain unprovided for unless the board can economize on the levies made, or until the financial situation of the county has improved, or the people have voted to make a levy in excess of 15 mills.

We hold that the trial judge was right in declaring the statute valid, and right in granting a perpetual injunction against the levy and assessment in excess of

15 mills; that he was wrong and in error when he directed that the excess 5 mills should be prorated from the various county funds. This decision is affirmed in limiting the tax levy to 15 mills, and holding chapter 26, Laws 1919, valid; reversed and dismissed as to order holding that the 5-mill special tax should be levied, prorated and deducted.

AFFIRMED IN PART, AND REVERSED IN PART.

LETTON and ROSE, JJ., not sitting.