STATE, EX REL. JOSEPH R. MILLSAP, APPELLEE, v. THOMAS STODDARD, DIRECTOR, ET AL., APPELLANTS.

FILED JUNE 12, 1922. No. 22435.

1. **Officers:** STATUTORY POWERS. Powers conferred on public officers are generally construed as mandatory though the language may be permissive, where the public are concerned in their execution or where they affect the rights of third persons.

2. **Schools and School Districts:** SCHOOL BOARDS: MANDATORY POWERS. A school district board, after it is "empowered to contract with

the neighboring district for the instruction of pupils," as provided by section 6944, Rev. St. 1913, does not have discretionary powers. The intention of the legislature was not to devolve a mere discretion, but to impose an absolute duty, to carry out the expressed wish of a two-thirds majority of the legal voters of the district.

APPEAL from the district court for Hamilton county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Hainer, Craft, Edgerton & Fraizer,* for appellants.

*J. L. Cleary, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and DAY, JJ., REDICK, District Judge.

ALDRICH, J.

Action in mandamus brought by Joseph R. Millsap, moderator of school district No. 53 of Hamilton county, against his colleagues on the board, the director and treasurer. The trial court found for the plaintiff and granted a peremptory writ of mandamus. Defendants appeal.

This action was commenced to enforce the provisions of section 6944, Rev. St. 1913, which is as follows: "A board of trustees of a high school district or a district board of a school district in this state, when authorized by a two-thirds vote of those present at any annual or special meeting, is hereby empowered to contract with the district board of any neighboring district for the instruction of pupils residing in the first-named district in schools maintained by the neighboring district, and to make provision for the transportation of such pupils to the above-named school of the neighboring district under the conditions named in the preceding section: Provided, school districts thus providing instruction for their children in neighboring districts shall be considered as maintaining a school as required by law: Provided, further, the teacher of the last-named school shall keep a separate record of attendance of all pupils from the first-named district and make a separate report to the director of said district."

Pursuant to this statute a petition was circulated call-

State, ex rel. Millsap, v. Stoddard.

ing a special meeting of the voters of district No. 53. Notices of the special meeting were posted according to law, and this notice is as follows: ·

"Notice.
"Special School District Meeting.

"A special meeting of the legal voters of school district No. 53 of Hamilton county, Nebraska, called on the written request of five legal voters, will be held at the schoolhouse in said district, on Friday night, the 29th day of July, 1921, at 8 o'clock p. m., for the purpose of transacting the following business, to wit:

"To vote upon the question of whether or not the district board of said district No. 53 shall be authorized and empowered to contract with the district board of district No. 95, Phillips, Nebraska, for the instruction of the pupils residing in said district No. 53, and to contract and make provisions for the transportation of said pupils to the school in said district No. 95 as provided by law.

"This notice must be posted in three public places at least fifteen days before the meeting. See sections 32 and 33, article 11, Nebraska School Laws.

"F. G. Wright, Director."

On the 29th day of July, 1921, at the time and place stated in the notices, the question was voted upon. There were 24 legal voters present at the special meeting, that number being a two-thirds majority of all the voters of the district. They unanimously voted to empower the school district board with authority to contract with the district board of district No. 95, at Phillips, for the instruction of pupils residing in district No. 53, and to make provisions for the transportation of such pupils to the schoolhouse of district No. 95.

Thereafter the appellants in this case, being the treasurer and director, respectively, maintained that the action of the voters at the special meeting was not mandatory upon them, and that they still possessed discretionary power to veto their action at such meeting. They refused

to join Mr. Millsap, the moderator, appellee in this case, in entering into a contract with the Phillips school board, and in making provision for the transportation of the pupils as by the voters of district No. 53 they were instructed to do. These officials further insisted that they were still at liberty to act, and, without consulting the moderator, Mr. Millsap, entered into a contract with a teacher to teach the school in district No. 53. The voters of the school district, it appears of record, who had favored sending their children to the Phillips school, thereafter made provisions for the transportation of their children to such school, and as a result 18 of the children in this district in question attended the school in district No. 95, and 13 children attended school in district No. 53.

There was a meeting of the three members of the board, two of which declined to enter into a contract with the Phillips board. This meeting was held on August 6, after the action of the voters had been called to the attention of the opposing members of the board. Mr. Joseph R. Millsap, appellee herein, applied to the district court for Hamilton county for an alternative writ of mandamus to require the other members of the board to make arrangements and contract with the board of district No. 95 for the instruction of the pupils in district No. 53 in the schoolhouse of district No. 95, and to provide for the transportation of the pupils in district No. 53 to the schoolhouse in district No. 95.

The main issues tendered herein are dependent upon section 6944, Rev. St. 1913.

This is a concise statement of the situation, and, in so far as the school officers are concerned, when the interests and rights of other parties are brought in issue, it is mandatory upon these officers to enforce the statute that it may result to the benefit of the district concerned. *Newburgh Turnpike v. Miller*, 5 Johns. Ch. (N. Y.) *101, 9 Am. Dec. 274; *State v. Henry*, 87 Miss. 125, 5 L. R. A. n. s. 340; *Supervisors v. United States*, 4 Wall. (U. S.) 435; *Bowen v. City of Minneapolis*, 47 Minn. 115.

The powers conferred upon public officers are generally construed as mandatory though the language may be permissive, where the public are concerned in their execution or where they affect the rights of third persons. 22 R. C. L. 457, sec. 116. As a matter of law, it is obligatory to do whatever act is authorized to be done, not necessarily for their own benefit, but for the benefit of others. See, also, *Beadle v. Sanders*, 104 Neb. 427. In that case this court held that the words "may levy," as used in chapter 26, Laws 1919, meant "must levy," thereby making the statute mandatory.

"Statutes imposing duties and conferring powers on officers are either mandatory or directory. Permissive words in a statute are construed as mandatory where the exercise of the power granted is necessary to protect the public interest or the rights of third persons." 29 Cyc. 1432.

Then it is plain that what the appellants did does not have the approval of statutory and judicial authority. The board of education, in pursuing the course they did, are outside of the law, and did what they did in violation of it as shown by the above citations. It is plain that the majority of the voters of school district No. 53 had power and control of the policy of the district in the matter of sending the school children to the Phillips school and discontinuing their own school. The action of the appellants in refusing to act according to the directions of two-thirds majority of the voters is contrary to authority and against the better public policy.

Therefore it is clear that the judgment of the district court in mandamusing the appellants to act as members of the board in entering into a contract with district No. 95, and to do those things necessary to comply with the mandate of the voters, was right, and it is

AFFIRMED.