M. B. MORFELD ET AL., APPELLEES, V. FRITZ HUDDIN ET AL., APPELLANTS.

FILED MAY 29, 1936. No. 29563.

*E. L. Hyde*, for appellants.

*Golden P. Kratz, contra.*

Heard before GOSS, C. J., ROSE, DAY and CARTER, JJ., and ELDRED, District Judge.

ELDRED, District Judge.

This is an action in equity brought by the plaintiffs, appellees, taxpayers of School District No. 10, a rural school district of Cheyenne county, against defendants and appellants, Fritz Huddin, L. M. White and Jasper Jones, as acting officers of School District No. 10, and August Thies, who was employed by the school board of School District No. 10 to transport by bus pupils from School District No. 10 to School District No. 9, which joins School District No. 10 on the north. School District No. 10 had a school building within its boundary, but for three years prior to 1934 it had not used that school building, but had transported its pupils to the school in District No. 9. In June, 1934, and prior to the annual school meeting, the board of health of Cheyenne county issued an order purporting to condemn the schoolhouse in School District No. 10 for school purposes, and to order that a new school building be erected, or that such school building be abandoned and the pupils of said district be given school advantages elsewhere. At the annual school district meeting June 16, 1934, the question of the school district hiring a bus and transporting pupils to School District No. 9 was voted upon and defeated. A motion to erect a new school building was also voted upon and defeated. A motion to vote $1,400 for general school purposes was adopted. No action was taken at the annual school meeting with reference to repairing present building; nor on question of permitting parents to transport their own children to neighboring districts and be remunerated therefor by the school district.

Subsequent to such annual school meeting and prior to the commencement of the school term in September, 1934, notwithstanding that, at the annual school district meeting, the proposal to hire a bus and transport pupils

to School District No. 9 was defeated, the defendants, appellants, members of the school board, entered into a contract with the defendant, appellant, August Thies, whereby he agreed to supply a bus and transport the pupils of School District No. 10 to School District No. 9, at the stipulated price of $85 a month.

This action was brought to enjoin the defendants, appellants, the officers of the school board, from carrying out that contract, and from paying to the defendant Thies any of the funds of the school district under said contract. The trial court entered a decree substantially as prayed; but further provided that such decree should "not prevent such school board from paying the families of school children for transporting such children under the provisions of section 79-1902, Comp. St. 1929." Laws 1931, ch. 149, Comp. St. Supp. 1935, sec. 79-1902. From such decree all defendants have appealed.

Appellants in their brief state: "The only issue involved in this action * * * was the right of the school board to hire a bus to transport the pupils of school age to another district." Appellees in their brief agree that the only issue involved was as stated by appellants.

School district board has power to contract with a neighboring district for instruction of pupils and to make provision for transportation of pupils to neighboring district only when authorized by two-thirds vote of those present at any annual or special school district meeting. Comp. St. 1929, secs. 79-2102, 79-2103.

Appellants in their brief urge: "The contention of the appellants being that because the actions of the voters at the annual meeting created a condition that seriously threatened the schooling of the pupils of District No. 10 for the coming year, in that, they were without school facilities, transportation to District No. 9 had been denied them, and something had to be done, it was not only the right of the board to contract for transportation but its duty." That it is the duty of the school board in rural districts to provide ways and means for the schooling of

children of school age is not controverted; but it is asserted by appellees that while the voters of the district, at the annual school meeting, decided that the district should not hire a bus and transport the pupils to School District No. 9, other means of providing the pupils with schooling were left open to the district board; that the refusal of the voters to authorize the district to pursue that particular means of providing schooling did not "create a condition that seriously threatened the schooling of the pupils of District No. 10 for the coming year." One way suggested is that the school board might have proceeded to repair schoolhouse, employ a teacher and have had school in their own district. The duty of making necessary repairs to the school building is by law vested in the school board, without instructions or special authority of the voters of the district. Comp. St. 1929, sec. 79-413; *Leonard v. State,* 67 Neb. 635, 93 N. W. 988. The duty of employing the teacher is likewise vested in the school board. Comp. St. 1929, sec. 79-411. It can scarcely be said that the letter purporting to condemn the school building, if any warrant, would have the effect of preventing the repair of the building. Such right is recognized in the subsequent letter from the state superintendent's office, wherein it is stated: "Our judgment is that the board of education should take some steps either looking toward securing an adequate transportation to take the children to an adjoining district or they should undertake to put the old building in condition so that it can be occupied for a time, at least. Of course, we know nothing about the condition of the building." And the county superintendent, a member of county board of health, also recognizes that right in letter to school board under date of August 16, 1934, wherein it is stated, in substance, that directors of District No. 10 must provide either for the holding of school in that district, for the years 1934 and 1935, or make suitable arrangements for schooling of pupils of school age in some other school district and arrange for transportation for such purpose.

The school district board was also left free to pursue the method outlined in section 79-1902, Comp. St. 1929, as amended in 1931 (Laws 1931, ch. 149), in furnishing school privileges for the pupils of District No. 10, wherein it is provided:

"When no other means of transportation is provided and when the child or youth lives more than three miles from the public schoolhouse which he or she is authorized to attend by the nearest practicable traveled road where no free transportation is furnished such child or youth, a transportation rate of five cents per family for each day of actual attendance for each one-half of a mile or fraction thereof covering the distance of the residence from the schoolhouse in excess of the three mile limit shall be paid such family monthly by such district on the basis of the record of attendance of such child or youth to be reported monthly by the teacher to the school board of such public school district; and no pupil shall be exempt from school attendance on account of distance from the public schoolhouse: Provided, that any child or youth whose family is entitled to pay for transportation, as aforesaid, may attend another school, if more convenient."

The appellants, members of the school board, might have adopted either of the ways just mentioned to provide for the schooling of children of school age in their district without violating the specific instructions given by the voters at the annual school district meeting. After the voters of School District No. 10, at their annual meeting, had refused to authorize the hiring of a bus for transportation of the pupils of that district to School District No. 9, it was the duty of the school board to have followed the expressed wish of the voters; they had no discretion left them as to that particular matter; and in pursuing the course they adopted, they were exceeding their authority as such officers and acted in violation of law. *State v. Stoddard*, 108 Neb. 712, 189 N. W. 299. The appellant Thies, in dealing with the school board, was charged with notice of the power of such officers to make

contracts. Further, Thies was given actual notice by registered mail under date of August 28, 1934, that he had no valid contract with the district, and that the district would not pay him for furnishing transportation for pupils.

On retrial of the case in this court, we reached the same conclusion as did the trial court. The decree of the district court was right and is

AFFIRMED.