Andrew S. Batterman, appellant, v. Alton
Bronderslev et al., appellees.

36 N. W. 2d 284

Filed March 11, 1949. No. 32573.

*Paul Rhodes,* for appellant.

*Morrow, Lovell & Bulger,* for appellees.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Messmore, J.

This is an appeal from the district court for Morrill County, from an order sustaining the defendants' demurrer to the plaintiff's petition and dismissing said petition. The plaintiff elected to stand on his demurrer.

We set forth, in substance, the pertinent allegations of the petition deemed necessary for a determination of this appeal.

The petition alleged that School District No. 150 is a duly organized and existing school district in Morrill County, Nebraska; that during the regular school term of 1947 and 1948, there were less than five children seven years of age and less than sixteen years of age residing in the said school district who would be required to attend school during such school term; that pursuant to law, the school board of the district closed the school; and that as a result thereof it became necessary for the school board to furnish transportation and other expenses of such children while attending school in another district. The petition further alleged that the plaintiff

was the parent of three children entitled to the benefit of school privileges during the 1947 and 1948 school term; that said children were forced to attend school in another district, namely district No. 28, which is more than two miles from the place where the plaintiff and his children reside; and that prior to the beginning of the school term the plaintiff and the members of the school board of district No. 150 attempted to agree upon the amount to be paid for transportation and other expenses with reference to the plaintiff's children attending school in another district, and were unable to reach an agreement. As a consequence of the failure to reach an agreement, the plaintiff was forced to provide transportation for his children to another school district, which he did; that prior to bringing this suit the plaintiff made a demand on the school board of district No. 150 for the payment of such transportation and expenses, which demand was refused. Two exhibits are attached to the petition setting forth the items constituting the plaintiff's claim against the school district which include the mileage traveled, the rate of pay therefor, and other expenses. The plaintiff prayed judgment in the amount of $1,093.60, and costs.

The appellant contends the trial court erred in sustaining the demurrer of the appellees to his petition and dismissing it.

The general demurrer admits all allegations of fact in the pleading to which it is addressed, if the allegations are issuable, relevant, material, and well pleaded; but does not admit the pleader's conclusions, except as supported by, and necessarily resulting from, the facts pleaded. See Richter v. City of Lincoln, 136 Neb. 289, 285 N. W. 593.

In support of this contention the appellant sets forth section 79-221, R. S. 1943, as follows: "In any district where there are less than five children who are seven years of age and less than sixteen years of age who will attend school during the term, and residing in the district,

the school board may close such school and may use the school funds of such district received from any source to provide for the board and transportation and other expenses of such children while attending school in another district * * *. If such board, transportation and expenses do not exceed the cost of maintaining school in the district of their residence, such children with the consent of the school board of the district of their residence may attend school in such school districts as shall be most convenient for them with the consent of the school board of the district in which they reside; * * *."

Appellant asserts that he has pleaded every requirement of the foregoing section of the statutes to state a cause of action against the appellees.

The appellees contend that section 79-1907, R. S. 1943, is supplementary to section 79-221.

Section 79-1907, R. S. 1943, provides: "When no other means of free transportation is provided and the child lives more than three miles from the public schoolhouse which he is authorized to attend by the nearest practicable traveled road, five cents per family for each day of actual attendance, by means of the nearest practicable traveled road actually traveled, for each one half of a mile or fraction thereof by which the distance of the residence from the schoolhouse exceeds three miles shall be paid such family monthly by such district on the basis of the record of attendance of such child, which shall be reported monthly by the teacher to the school board of such public school district; and no pupil shall be exempt from school attendance on account of distance from the public schoolhouse."

Appellees' contention is that when sections 79-221, R. S. 1943 and 79-1907, R. S. 1943, are read together, it must be accepted that section 79-1907 governs the rate of pay to be paid to the parents for transportation of their children from one school district to another school district, and that the afore-cited sections of the statutes are intended to supplement each other, for the reason

that section 79-1907 provides for reimbursement to the parents, and defines the method of computation of the amount due, therefore a school district cannot be subject to a suit for the amount due, except for refusal to pay pursuant to section 79-1907; that plaintiff, in order to state a cause of action under section 79-1907, must allege the distance from the home of the child to the schoolhouse, attendance, and number of days of actual attendance as reported by the school teacher; that plaintiff's petition lacks such allegations; that the plaintiff's suit is based on quantum meruit for claimed mileage expense and for the time and effort of himself and wife in providing transportation for their children; and that there is no statutory authority for such an action.

We are not in accord with the appellees' contention as heretofore stated.

In reviewing the sections of the statute pertinent to this appeal, section 79-1907, R. S. 1943, was formerly a part of section 79-1902, C. S. Supp., 1941, before the 1943 Statute Commission revised and edited the statutes which are now Revised Statutes of Nebraska, 1943, and was originally enacted by the Legislature prior to section 79-221, R. S. 1943.

From an analysis of section 79-221, R. S. 1943, this section makes the obligation of the school board mandatory where children reside more than two miles from the schoolhouse in the district where they actually attend school. This section provides that the funds of the school district, received from any source, may be used by said district for transportation, board, and other expenses of such children as are covered thereby while attending school in another district, and for correspondence courses where children are physically incapacitated for traveling to or attending other schools. This section also sets forth the conditions and circumstances whereby a school may be closed by the school board of a district, and provides for the obtaining of the consent of said school board for transportation of children covered by it to

attend school in a district other than that of their residence. Further, it provides the extent of the liability of such a school district, when a school is closed pursuant to law, for transportation, lodging, and other expenses of such children residing with their parents or guardians in such school district. This expense must not exceed the cost of maintaining school in the district of such children's residence.

· We believe it is obvious that section 79-1907, R. S. 1943, and section 79-221, R. S. 1943, from what has been previously pointed out, each deal with entirely separate and distinct subjects, and therefore section 79-1907 is not supplementary to section 79-221.

The cases of Peterson v. School District No. 68, 124 Neb. 352, 246 N. W. 723, and Morfeld v. Huddin, 131 Neb. 180, 267 N. W. 350, cited and relied upon by the appellees, are not in point with the issue raised on this appeal.

We conclude the appellant's petition states a cause of action under section 79-221, R. S. 1943, and the trial court was in error in sustaining the appellees' demurrer to the appellant's petition. We reverse and remand the cause for further proceedings.

REVERSED AND REMANDED.