DAVID R. BENDER, APPELLEE, v. WILLIAM H. PALMER ET AL., APPELLANTS.

48 N. W. 2d 65

Filed May 17, 1951. No. 33019.

*Fred J. Schroeder,* for appellants.

*Frank B. Morrison* and *Albert A. Mann,* for appellee.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is a mandamus action instituted in the district court for Frontier County by David R. Bender. It was brought against the members of the school board of district No. 39 of Frontier County for the purpose of requiring them to provide transportation for plaintiff's minor child to another school district where elementary school privileges could be had. The trial court found for the plaintiff and so ordered. Defendants filed a motion for new trial and, from the overruling thereof, have appealed.

The facts are not in dispute. The appellants were, at all times herein material, the elected, qualified, and acting members of the school board of district No. 39 of Frontier County. District No. 39 is a rural school district. At the annual meeting of the district held on June 12, 1950, a majority of those present voted in favor of closing the school in the district during the school year of 1950-1951. A motion was made and adopted at this meeting to give the board authority to pay more than 20 cents a mile for transportation, if lawful, however, no action was taken to empower the board to make provisions for the transportation of any pupil in the district to any school of a neighboring district.

Appellee is a resident of school district No. 39 and, with his wife and family, lives on a farm located therein. Included in the family is a daughter, Ruth Esther Bender, who became six years of age on February 5,

1950. Appellants entered into a contract with school district No. 38 of Frontier County to furnish instruction in the elementary grades for any pupil of district No. 39 during the school year of 1950-1951. However, they refuse to enter into any contract to furnish transportation for appellee's child to the school at Moorefield in district No. 38 but have at all times been and are willing to pay mileage to appellee in accordance with the provisions of section 79-490, R. R. S. 1943. Appellee or his wife has been taking their daughter to and from the school in district No. 38.

Section 79-486, R. R. S. 1943, as far as here material, provides: "The governing board of any public school district in this state, when authorized by a majority of the votes cast at any annual or special meeting, is empowered to (1) contract with the district board of any neighboring public school district or districts for the instruction of pupils residing in the first-named district in the school or schools maintained by the neighboring district or districts for a period of time not to exceed three years, and (2) make provision for the transportation of such pupils to the school or schools of the neighboring district or districts. The board of any public school district may also, in its discretion, contract with another public school district or districts for the instruction and transportation of the pupils residing therein for a period of not more than one school year when petitioned to do so by at least two-thirds of the parents residing in said district having children of school age who will attend school. The school board of any district so closed shall assume responsibility in providing contracts for instruction and transportation."

Section 79-490, R. R. S. 1943, as far as here material, provides: "When no other means of free transportation is provided to a child attending an elementary school, there shall be made an allowance for transportation to the family of said child by the district in which such family resides on the basis of the record of attendance

of such child and the trips actually made to and from such school as follows: * * * (2) where the child is required to attend an elementary school outside of his own district there shall be paid ten cents per half mile for each one half mile or fraction thereof for the distance that the school in the other district is in excess of the distance from the school of his residence. The trips actually made to and from such school by means of the nearest practicable traveled road actually traveled shall be reported monthly by the teacher to the school board of such public school district."

It should be remembered that this is not a case where the board, in its discretion, acted upon a petition by at least two-thirds of the parents residing in the district who have children of school age who will attend school. It is a case where the board is acting under and pursuant to the action taken to close the school by a majority of those voting at the annual meeting.

School district boards are empowered and required to make provision for transportation of pupils to schools of neighboring districts when authorized to do so by a majority of the votes cast at any annual or special meeting in accordance with the provisions of section 79-486, R. R. S. 1943. Such authorization was not voted by a majority of those present at the annual meeting when it was voted to close the school. In the absence thereof section 79-490, R. R. S. 1943, has application and the board was free to invoke the provisions thereof. See, Morfeld v. Huddin, 131 Neb. 180, 267 N. W. 350; State ex rel. Millsap v. Stoddard, 108 Neb. 712, 189 N. W. 299.

In view of the foregoing the order of the district court is reversed with directions to dismiss.

REVERSED WITH DIRECTIONS TO DISMISS.

MESSMORE, J., participating on briefs.